# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY PINSON, | : | |
| Petitioner | : | |
| | : | No. 1:16-CV-01256 |
| vs. | : | |
| | : | (Judge Rambo) |
| LEONARD ODDO, | : | |
| Respondent | : | |

## MEMORANDUM

Currently pending before this Court is Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 9) and renewed motion to conduct limited discovery. (Doc. No. 20.) For the reasons set forth below, Petitioner's motion for limited discovery will be denied and the petition for writ of habeas corpus will dismissed.

## I. BACKGROUND

On June 23, 2016, Jeremy Pinson[1], a federal prisoner previously confined at the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP Allenwood"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

---

[1] Petitioner identifies as a transgender individual.

1

2241.[2]  (Doc. Nos. 1 and 2.)  On August 31, 2016, Pinson's previous habeas action filed on April 14, 2016, was consolidated with this action, and the prior case was closed.  (Doc. No. 7.)  On September 19, 2016, Pinson filed an amended petition (Doc. No. 9.)  Petitioner alleges that she was not afforded her due process rights during four disciplinary hearings.  (Doc. No. 8.)  Petitioner seeks expungement of the four incident reports.  (Id.)

On December 21, 2016, Respondent filed a response to Pinson's petition (Doc. No. 14.)  Respondent provides that Petitioner has failed to exhaust her administrative remedies with regard to any of the incident reports.  (Id.)  Petitioner filed a traverse (Doc. No. 16), and has subsequently filed a renewed motion to conduct limited discovery, requesting that this Court direct Respondent to file under seal all documents which reflect an opinion or finding that Petitioner is "not competent" or "not responsible."  (Doc. No. 20.)

## II. DISCUSSION

Federal habeas corpus relief is limited to inquiries into the "legality of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); Preiser v. Rodriguez, 411 U.S. 475 (1973).  The petitioner must attack the "validity of the continued conviction or the fact or length of the sentence." Id. at 542.   28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is

---

[2] The docket indicates that Pinson is presently confined at the Rochester Medical Center for Federal Prisoners, Rochester, Minnesota.

challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

**A. Petitioner's Motion for Limited Discovery**

Petitioner seeks Respondent to supplement the record with "all documents which reflect an opinion or finding by a BOP Psychologist or DHO that [P]etitioner was 'not competent' or 'not responsible' or both." (Doc. Nos. 20, 21.) Habeas petitioners have no absolute right to make discovery demands upon respondents. Thus, " '[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); Vasquez v. Glover, No. 09-2593, 2010 WL 2569715, at *1 (D.N.J. June 24, 2010). Rather, decisions on discovery requests rest in the sound discretion of the court. See Levi v. Holt, 192 F. App'x 158, 162 (3d Cir. 2006). Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which are also applicable to habeas petitions filed under 28 U.S.C. § 2241, do not permit discovery except under limited circumstances and with prior leave of court. Specifically, Rule 6 provides in pertinent part:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . .
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specific any requested documents. . . .

3

Therefore, it is incumbent upon the Petitioner to make a showing of good cause to justify discovery in these proceedings.

Under the "good cause" standard, a district court should grant leave to conduct discovery only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is … entitled to relief." Harris v. Nelson, 394 U.S. 286, 300 (1969). Accordingly, where there appears to be threshold legal bars to a habeas petition, the proper course is to deny motions seeking factual discovery. Brown v. DiGuglielmo, No. 07-3465, 2007 WL 4242266, at *1 (E.D. Pa. Nov. 29, 2007), citing Williams v. Bagley, 380 F.3d 932, 974-76 (6th Cir. 2004) (noting that discovery requests relating to procedurally defaulted claims were properly denied because discovery could not lead to a colorable basis for relief on those claims); Peterkin v. Horn, 30 F. Supp. 2d 413, 518-20 (E.D. Pa 1998) (same).

Applying the above law, the Court finds that discovery of the type proposed by Petitioner is not appropriate, or necessary. Given that Respondent claims that Petitioner has not fulfilled her legal responsibility to exhaust her administrative remedies, it would be premature to entertain Petitioner's discovery requests.[3]

---

[3] Moreover, such a request for "all documents which reflect an opinion or finding by a BOP Psychologist or DHO that [P]etitioner was 'not competent' or 'not responsible' or both" not only appears to be overly broad, but unnecessary in the instant matter given that the record provides

4

Accordingly, the Court will deny Petitioner's renewed motion for discovery and proceed with an exhaustion analysis.

**B. Exhaustion**

Four incident reports are at issue in this instant case: # 2775571, # 2771093, # 2770848, and # 2774766. Respondent contends that with regard to these four incident reports, Petitioner has failed to exhaust her administrative relief. Consequently, Respondent concludes that the petition is subject to dismissal on the basis of non-exhaustion. In Petitioner's traverse, Petitioner counters that she did exhaust her administrative remedies once to completion, and she need not "re-exhaust." Further, Petition contends in a declaration attached to her Traverse that she was advised by the DHO that she could not appeal re-hearings. (Doc. No. 16, at 1-5.)

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Courts have consistently required a petitioner to exhaust administrative remedies prior to filing a § 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (holding "that a prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice

---

that a competency and responsibility evaluation was performed with regard to each of the four incident reports complained of by Petitioner, and in each instance, Petitioner was found to be personally and psychologically responsible by a psychologist. (Doc. No. 8, at 2, 3, 11, 16, and 19.)

attributable thereto"); Arias v. United States Parole Comm'n., 648 F.2d 196, 199 (3d Cir. 1981) (concluding that, in the context of a habeas petition filed under § 2241, "the district court should have dismissed appellant's petition on exhaustion grounds"). Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

In order for a prisoner to exhaust her administrative remedies, she must comply with the BOP's Administrative Remedy Program, 28 C.F.R. § 542.10 et seq., otherwise, the habeas petition should be dismissed. Arias, 648 F.2d at 199 (requiring federal prisoner to exhaust administrative remedies before bringing claim under § 2241). In order for an inmate to appeal a DHO decision, she must complete a two-step administrative remedy program. 28 C.F.R. §§ 542.10-542.19. The first step requires the inmate to initially appeal with the Regional Director for the region where the inmate is currently located within 20 days of the DHO's decision. 28 C.F.R. § 542.15 (known as the BP-10 appeal). If the appeal is denied in step one, the second step requires the inmate to appeal to the Central Office within 30 days (known as the BP-11 appeal). Id. No administrative appeal is

considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. See Sharpe v. Costello, No. 08-1811, 2008 WL 2736782, at *3 (3d Cir. July 15, 2008).

The burden of showing exhaustion rests on the applicant in a habeas action. O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987). Exhaustion is only excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

As set forth above, there are four incident reports at issue: # 2775571, # 2771093, # 2770848, and # 2774766. Petitioner filed an appeal of Incident Report # 2775571 with the BOP's North Central Regional Office on December 8, 2015. (Doc. No. 14, Ex. A, ¶ 5; Attach. 2 at 3.) On that same date, the appeal was rejected because Petitioner had filed the appeal before the DHO rendered a decision. (Id.) On January 25, 2015, Petitioner again filed an appeal of Incident Report # 2775571 with the BOP's North Central Regional Office (Id.), and on March 25, 2016, the remedy request was closed with an explanation that "the incident report was remanded for reconsideration based on a procedural error, effectively mooting the hearing, report, and sanctions." (Id.) Petitioner then appealed this remand order to the Central Office on April 18, 2016, and on May 3,

7

2016, it was accepted and is pending a response. (Id.) However, prior to this, on March 8, 2016, Petitioner was transferred from USP Florence to USP Allenwood, so the March 25, 2016 remand from the North Central Regional Office was submitted to the DHO at USP Allenwood. (Id.) On June 13, 2016, a separate and new DHO hearing was held wherein Petitioner was sanctioned. (Id.; Doc. No. 8 at 16.) Petitioner did not appeal this reconsideration of the incident report or the sanctions. (Doc. No. 14, Ex. A, ¶ 5; Attach. 2 at 3.)

With regard to Incident Report # 2771093, Petitioner filed an appeal with the BOP's North Central Regional Office on January 25, 2016. (Doc. No. 14, Ex. A, ¶ 6; Attach. 2 at 3.) On March 25, 2016, the remedy request was closed with an explanation that "the incident report was remanded for reconsideration based on a procedural error, effectively mooting the hearing, report, and sanctions." (Id.) Petitioner then appealed this remand order to the Central Office on April 18, 2016, and on May 3, 2016, it was accepted and is pending a response. (Id.) However, prior to this, on March 8, 2016, Petitioner was transferred from USP Florence to USP Allenwood, so the March 25, 2016 remand from the North Central Regional Office was submitted to the DHO at USP Allenwood. (Id.) On June 3, 2016, a separate and new DHO hearing was held wherein Petitioner was sanctioned. (Id.; Doc. No. 8 at 20.) Petitioner did not appeal this reconsideration of the incident report or the sanctions. (Doc. No. 14, Ex. A, ¶ 6; Attach. 2 at 3.)

8

Petitioner also filed an appeal of Incident Report # 2770848 with the BOP's North Central Regional Office on January 25, 2016. (Doc. No. 14, Ex. A, ¶ 7; Attach. 2 at 3.) On March 25, 2016, the remedy request was closed with an explanation that "the incident report was remanded for reconsideration based on a procedural error, effectively mooting the hearing, report, and sanctions." (Id.) Petitioner then appealed this remand order to the Central Office on April 18, 2016, and on May 3, 2016, it was accepted and is pending a response. (Id.) However, Petitioner was transferred from USP Florence to USP Allenwood on March 8, 2016, so the March 25, 2016 remand from the North Central Regional Office was submitted to the DHO at USP Allenwood. (Id.) On June 3, 2016, a separate and new DHO hearing was held wherein Petitioner was sanctioned. (Id.; Doc. No. 8 at 7.) Petitioner did not appeal this reconsideration of the incident report or the sanctions. (Doc. No. 14, Ex. A, ¶ 7; Attach. 2 at 3.)

Finally, with regard to Incident Report # 2774766, Petitioner filed an appeal with the BOP's North Central Regional Office on January 25, 2016. (Doc. No. 14, Ex. A, ¶ 8; Attach. 2 at 3, 4.) On March 25, 2016, the remedy request was closed with an explanation that "the incident report was remanded for reconsideration based on a procedural error, effectively mooting the hearing, report, and sanctions." (Id.) Petitioner then appealed this remand order to the Central Office on April 18, 2016, and on May 2, 2016, the Central Office rejected the remedy

because Petitioner did not submit a complete set of four carbonized copies of the BP-11 form.  (Id.)  Petitioner was instructed to resubmit the appeal in proper form within 15 days of the date of the rejection notice but did not further pursue the remedy.  (Id.)  As set forth above, prior to this, on March 8, 2016, Petitioner was transferred from USP Florence to USP Allenwood, so the March 25, 2016 remand from the North Central Regional Office was submitted to the DHO at USP Allenwood.  (Id.)  On June 13, 2016, a separate and new DHO hearing was held wherein Petitioner was sanctioned.  (Id.; Doc. No. 8 at 12.)  Petitioner did not appeal this reconsideration of the incident report or the sanctions.  (Doc. No. 14, Ex. A, ¶ 7; Attach. 2 at 3, 4.)

In this matter, Petitioner was initially successful at the Regional Level in that all four incident reports were remanded to the DHO for "reconsideration based on a procedural error, effectively mooting the hearing, report, and sanctions."  (Doc. No. 14, Ex. A, ¶¶ 5-8; Attach. 2 at 2-4.)  Following remand of the four incident reports, the DHO at USP Allenwood conducted four re-hearings.  The DHO's hearings for Incident Reports # 2775571 and # 2774766 were held on June 13, 2016, and the hearings for Incident Reports # 2771093 and # 2770848 were held on June 3, 2016.  (Doc. No. 14, Ex. A, ¶¶ 5-8; Attach. 2 at 2-4; Doc. No. 8 at 5-21.)  The record is clear that Petitioner did not seek an administrative remedy challenging the reconsideration of any of these incident reports.  Indeed, Petitioner

10

admits that she did not seek an administrative remedy challenging the reconsideration of any of these incident reports. (Doc. No. 16.) Accordingly, the Court finds that the petition is subject to dismissal for failure to exhaust administrative remedies.

Notwithstanding the above, Petitioner argues that she was not required to "re-exhaust"[4] these incident reports and further declares that she was "advised by the DHO" that she "could not appeal the re[-]hearings." (Doc. 16 at 5.) To support her first contention that she was not required to "re-exhaust" the incident reports that were remanded, Petitioner cites to a number of cases that are easily distinguishable from her present situation. For instance, Petitioner cites to Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005) for the proposition that once a prisoner has won all the relief that is available under the institution's administrative procedures, the administrative remedies are exhausted. Petitioner misconstrues what it means to have "won all the relief that is available under the institution's administrative procedures." Petitioner's four incident reports were all remanded to the DHO from the North Central Region office after having closed her requests with an explanation that the incident reports were being "remanded for reconsideration based on a procedural error, effectively mooting the [original DHO] hearing, report, and sanctions. Four separate and new hearings before the USP Allenwood

---

[4] Petitioner appears to describe any subsequent administrative remedy appeal of the DHO's report after remand from the North Central Region office as "re-exhaust[ing]."

11

DHO took place wherein Petitioner received sanctions. Petitioner never availed herself to the available administrative procedures with regard to these four incident reports and accordingly, failed to exhaust her administrative remedies. The Court has no doubt that Petitioner failed to win "all the relief available under the institution's administrative procedures" because she never filed an administrative remedy to these incident reports.[5]

Petitioner also argues that she was "advised by the DHO" that she "could not appeal the re[-]hearings." (Doc. 16 at 5.) The record belies her argument. Each DHO Report provides that "[t]he inmate has been advised of [her] right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate." (Doc. No. 8, at 7, 12, 16, and 20.) Accordingly, the Court finds this argument is without merit and clearly not supported by the record. Moreover, general, unsupported assertions that prison staff interfered with her ability to pursue administrative remedies does not establish cause for her procedural default. See Beckford v. Martiniez, 408 F. App'x 518 (3d Cir. 2010); Brown v. Ebbert, No. 3:15-0122, 2016 WL 695193, at *5 (M.D. Pa. Feb. 18, 2016). Accordingly, because Petitioner has failed to properly exhaust her

---

[5] Petitioner also argues that the BOP rules do not specify that a prisoner must "re-exhaust once completing [the administrative remedies] once." This argument is without merit. As set forth above, and as the BOP rules and regulations make clear, DHO appeals are to be submitted to the Regional Director, and an inmate is not deemed to have exhausted the administrative remedies until the grievance has been pursued through all levels. 28 C.F.R. § 542.14(d)(2) and § 542.15(a). The record is clear and undisputed by Petitioner that she never filed administrative remedies to these four incident reports.

administrative remedies, review of the merits of the habeas petition is barred. See Brown, 2016 WL 695193, at *5.

## III. CONCLUSION

For the foregoing reasons, Petitioner's renewed motion to conduct limited discovery (Doc. No. 20) will be denied, and the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 8) will be dismissed.

                                  s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated: September 13, 2017